UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA CORRALES,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO: 4:16-CV-5081-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment from Plaintiff Maria Corrales, **ECF No. 15**, and the Commissioner of Social Security (the "Commissioner"), **ECF No. 13**. Ms. Corrales sought judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act. The Court has reviewed the motions, Plaintiff's reply memorandum, the administrative record, and is fully informed. The motions were heard without oral argument. For the reasons stated

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

below, the Commissioner's motion is granted, and Ms. Corrales's motion is denied.

## BACKGROUND

### A. Ms. Corrales's Claim for Benefits and Procedural History

Ms. Corrales applied for disability benefits on August 9, 2012, and for supplemental security income benefits on August 27, 2012, alleging disability due to diabetes, arthritis, high blood pressure, and anxiety. Administrative Record ("AR") 173-74, 175-84, 206.[1] At the time, she was 40 years old. AR 22, 173. It is undisputed in the record that Ms. Corrales had "insured status" until March 31, 2016, meaning that her claimed disability must have begun before that date for her to receive the Social Security benefits she seeks.

The Commissioner denied Ms. Corrales's claims initially and on reconsideration, and Ms. Corrales consequently requested a hearing. AR 133-34.

### B. October 2, 2014 Hearing

Ms. Corrales was represented by attorney Randy Fair at her hearing before the administrative law judge ("ALJ") on October 2, 2014.[2] AR 29, Tr. at 34. Ms. Corrales testified that she was 42 years old at the time of the hearing. AR 35. She came to the United States when she was in approximately the third grade and left

---

[1] The AR is filed at ECF No. 10.

[2] Ms. Corrales is represented by different counsel, D. James Tree, on appeal.

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

school after fifth grade. AR 33. She lives with her minor son, her daughter, and her grandson. She testified to the variety of daily activities and household chores she is able to perform, some with the assistance of her daughter or parents, who live nearby. She also testified regarding her issues with controlling her weight and, relatedly, her diabetes. Ms. Corrales detailed her limited work history in response to questions from the ALJ. A vocational expert also was examined by the ALJ and Ms. Corrales's attorney.

### C. ALJ's Decision

The ALJ issued her decision finding Ms. Corrales not disabled on December 23, 2014. The ALJ undertook the five-step disability evaluation process, outlined below, and the Court summarizes the ALJ's findings as follows:

**Step one:** Ms. Corrales has not engaged in substantial gainful activity since her alleged onset date of December 31, 2011.

**Step two:** Ms. Corrales has the following severe impairments: diabetes mellitus, peripheral neuropathy, arthritis, bilateral carpal tunnel syndrome, ulnar neuropathy left elbow, obesity and high blood pressure. Ms. Corrales's anxiety symptoms do not qualify as a severe impairment because there is no diagnosis of anxiety from an acceptable medical source.

**Step three:** Ms. Corrales does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

1 | **Residual Functional Capacity ("RFC"):** During the relevant period, Ms. Corrales has retained the ability to perform "less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)." AR 19. She needs a sit/stand option at every hour for five minutes. She occasionally can climb ramps, stairs, balance, stoop, kneel, crouch and crawl, but cannot climb ladders, ropes or scaffolds. She frequently can handle and finger, bilaterally, and feel, bilaterally. She must avoid concentrated exposure to extreme cold and excessive vibration, but can work in an environment with "moderate exposure to operational control of moving machinery, unprotected heights and hazardous machinery." *Id*.

**Step four:** Ms. Corrales has no past relevant work to evaluate. Ms. Corrales testified that information in the agency's records that she worked at "Inspire Development Center" in 2002 and "Dutch Fashion" in 2003 was inaccurate, and these were the only periods during which the record indicated that she worked at a substantial gainful activity level.

**Step five:** However, jobs exist in significant numbers in the national economy that Ms. Corrales could perform given her age, education, work experience and RFC. Representative occupations that the vocational expert opined that Ms. Corrales would be able to perform include bench assembler and basket filler. Therefore, she is not disabled.

*See* AR 17-24.

Ms. Corrales requested review of the ALJ's decision by the Appeals Council. When the Appeals Council denied review, the ALJ's ruling became the final decision of the Commissioner and appealable to this Court under 42 U.S.C. § 405(g).

## APPLICABLE LEGAL STANDARDS

### A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence

supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**B. Definition of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his or her impairments are of such severity that Plaintiff is not only unable to do his or her previous work but cannot,

considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy"

which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**D. Treating Physician Rule**

The treating physician rule requires that an ALJ give the medical opinion of a claimant's treating physician controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence. 20 C.F.R. § 404.1527(c)(2). Although the Commissioner has eliminated the treating physician rule for claims filed on or after March 27, 2017, 82 Fed. Reg. 5852-53, the rule applies to Ms. Corrales's claim filed in August 2012, *see* AR 173-84.

The Commissioner may decline to give the claimant's treating physician controlling weight, only for "clear and convincing reasons" if the treating physician's opinion is not contradicted by another doctor, or for "specific and legitimate reasons" supported by substantial evidence in the record, where the treating physician's opinion is contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821 821, 831 (9th Cir. 1995). In addition, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation and alteration omitted).

## ISSUES ON APPEAL

**A. Whether the ALJ erroneously omitted one or more severe**

    **impairments at step two**

**B. Whether the ALJ erred in rejecting Plaintiff's symptom testimony**

**C. Whether the ALJ erred in weighing the medical evidence and determining residual functional capacity**

## DISCUSSION

**A. Omission of heel spurs and plantar fasciitis as severe impairments at step two**

Ms. Corrales argues that the ALJ should have found her heel pain and plantar fasciitis to be severe impairments in addition to the severe impairments that the ALJ found. The Commissioner argues that none of the medical records that Plaintiff cites in support of her arguments regarding heel spurs and plantar fasciitis as severe impairments attribute any specific functional limitations to the ailments. Ms. Corrales replies that her own testimony "indicated that her heel pain from these impairments would limit her ability to walk to approximately 10 minutes at a time, and standing could only be accomplished for a total of an hour and a half in a day." ECF No. 16 at 2 (citing AR 35-37). Ms. Corrales also points to an opinion from her treating physician Dr. Hazel Gavino, which Ms. Corrales interprets to conclude that plantar fasciitis contributed to Ms. Corrales' overall symptoms, all of which combined to cause her functional limitations. AR 549.

Dr. Gavino's opinion, which is dated September 22, 2014, does not provide substantial evidence that plantar fasciitis or heel pain results in any functional limitations for Ms. Corrales. *See* AR 549. In Dr. Gavino's physician's statement,

she catalogs Ms. Corrales's conditions and symptoms: "diabetes, swollen feet, difficulties with her upper extremities and fingers as well as . . . high cholesterol, morbid obesity, urinary incontinence, plantar fasciitis, lumbargo, neuropathy, carpal tunnel[.]" AR 549. Dr. Gavino then opines that Ms. Corrales would only be able to use her hands for fingering and grasping 2-4 hours of an 8-hour day, would only be able to stand and walk for 1-2 hours of an 8-hour workday and would not be able to work 40 hours per week consistently due to "her symptoms such as unable to sit/stand prolonged, keep/make appointments, heavy lifting." AR 549.

An ALJ's error is harmless, even where an omitted impairment is supported by substantial evidence, if she goes on to analyze how limitations that may arise from that impairment affect the claimant's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ committed harmless error in failing to include a severe impairment at step two where that impairment's limitations were factored into the RFC); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (Harmless error where the ALJ omitted obesity as a severe impairment but nonetheless factored resulting limitations into the RFC determination). Ms. Corrales herself groups the functional limitations resulting from her heel pain and plantar fasciitis with the severe impairments identified by the ALJ, indicating that the pain in her back, obesity, and diabetes were the issues that prevented her from standing for too long. AR 39-40, 42. Moreover, the ALJ considered the limiting effects of the foot issues described by Plaintiff during the hearing in her determination of Plaintiff's RFC:

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

> The claimant alleges that her hands and fingers were constantly numb. Her neuropathy symptoms limited her ability to stand and walk. She was restricted with lifting, stair climbing and using her hands. Exhibit 6E. According to the claimant's testimony, she could walk about ten minutes and stand for twenty-five minutes to an hour. If she walked and rested during the day, she could stand or walk about an hour and a half. These impairments, in combination, are significant enough to prevent her from working an eight-hour workday, forty-hour workweek.

AR 20.

The ALJ found that Ms. Corrales exhibited several severe impairments at the second step of the disability analysis. As a result, the ALJ proceeded through the remainder of the sequential process. In so doing, the ALJ considered the symptoms related to the omitted impairments. Therefore, the Court finds no error on this ground.

**Evaluation of Plaintiff's credibility**

Plaintiff argues that the ALJ did not rely on substantial evidence when she determined that Ms. Corrales's testimony regarding the severity of her symptoms and limitations was not fully credible. Ms. Corrales maintains that it is inappropriate to discount her subjective reports of her symptoms and abilities on the basis of her activities of daily living without finding that those activities are transferable to a work setting.

The Commissioner argues that the ALJ found Plaintiff's subjective complaints to be not entirely credible, in part, because Plaintiff's testimony demonstrated that she was not compliant with her care providers' recommendations for treatment.

The Commissioner emphasizes that the ALJ also discounted Plaintiff's subjective complaints because they were at odds with the medical evidence and were related to conditions, such as her obesity, which had been treated more conservatively than was possible.

When the ALJ finds that a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. If the ALJ determines that the objective medical evidence alone does not substantiate the claimant's statements about the intensity, persistence, or

functionally limiting effects of her symptoms, the ALJ must assess the credibility of the claimant's statements based upon consideration of the entire record. 20 C.F.R. §§ 404.1527, 416.927; *see also* SSR 96-2p, 1996 SSR LEXIS 9, 61 Fed. Reg. 34489 (July 2, 1996); SSR 96-5p, 1996 SSR LEXIS 2, 61 Fed. Reg. 34471 (July 2, 1996); and SSR 06-3p, 2006 SSR LEXIS 5, 71 Fed. Reg. 45593 (Aug. 9, 2006).

The Court agrees with the Commissioner that substantial evidence in the record supports the ALJ's decision to discount aspects of Plaintiff's testimony regarding her level of pain and incapacitation for lack of credibility. A credibility determination is appropriately in the province of the ALJ, and it is not the reviewing court's role to disturb that determination unless it appears that the ALJ arbitrarily discredited the claimant's testimony. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Among the factors that an ALJ may consider when determining credibility are the claimant's daily activities, inadequately explained failure to follow a prescribed course of treatment, and testimony from the claimant that appears less than candid. *See id*.

Ms. Corrales inadequately explained her failure to arrange for the counseling that was offered regarding better management of her weight and diabetes, and notes from visits to her treating physician evidence inconsistent insulin use. AR 50-51, 463, 491. Moreover, it is reasonable for the ALJ to scrutinize the potential disconnect between Ms. Corrales's testimony regarding her level of pain and incapacitation and her reports of her daily activities, including driving herself to do

shopping and visit family members, completing two to three loads of laundry each week, watching her 5-year-old grandson and caring for her 9-year-old son, washing some of the household dishes, and being able to walk for approximately an hour and a half over the course of a day. *See* AR 21, 37, and 41-48. The ALJ, therefore, discounted Ms. Corrales's testimony for germane reasons and based on substantial evidence in the record.

### B. Evaluation of medical opinion evidence

Ms. Corrales argues that the ALJ erred in determining that her treating physician Dr. Gavino's opinion was based on a "relatively short" treating relationship and a lack of objective medical evidence. The Commissioner responds that an ALJ appropriately may discount a doctor's opinion that is based to a large extent on a claimant's own accounts of symptoms and is in conflict with other evidence in the record.

The opinions that Dr. Gavino expressed in her physician's statement, based on a one-year treatment relationship with Ms. Corrales, are recited above. *See also* AR 549. The ALJ discounted Dr. Gavino's opinion because the physician "did not provide any explicit objective information to substantiate her assessment." AR 21. Likewise, the Court cannot identify from Dr. Gavino's statement or the surrounding record what, if any, objective medical evidence supports her conclusions. The ALJ was justified in not giving controlling weight to the opinions.

## CONCLUSION

There is substantial evidence in the administrative record supporting the ALJ's determination that Plaintiff was not disabled during the relevant period and is able to perform "less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)." AR 19.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.
3. Judgment shall be entered for Defendant.

The District Court Clerk is directed to enter this Order, enter Judgment as outlined above, provide copies to counsel, and **close this case**.

**DATED** August 30, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge